UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>Plaintiff,<br><br>v.<br><br>ALLY BANK, et al.,<br><br>Defendants. | Case No. 20-cv-08470-SI<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11, 13, 15 |

On February 3, 2021, defendant Daybreak Metro, Inc. filed a motion to dismiss the amended complaint with a hearing set for March 12, 2021. Having considered the papers submitted, the Court hereby VACATES the March 12, 2021 hearing pursuant to local rule 7-1(b) and, for the reasons articulated below, DISMISSES the amended complaint with leave to amend.

**BACKGROUND**

In November 2020, plaintiff filed a complaint seeking damages because defendant engaged in "illegal wrongful conversion" and "illegal wrongful repossession" of plaintiff's 2011 black Cadillac Escalade. Dkt. No. 1 (Compl.) at 2[1]. Plaintiff sought $100,000 in compensatory damages and $10,000,000 in punitive damages. *Id.* at 5. Plaintiff concurrently filed an application to proceed in forma pauperis (IFP). Dkt. No. 2 (Appl. to Proceed IFP). On January 4, 2021, this Court granted plaintiff's motion to proceed in forma pauperis but dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state any cause of action and failure to establish subject matter jurisdiction. Dkt. No. 10 (Order Granting IFP and Dismissing Compl.) at 2. The Court granted leave to amend the complaint to cure the defects before February 1, 2021, otherwise plaintiff's complaint would be dismissed with prejudice. *Id.* On January 25, 2021, plaintiff filed an

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

amended complaint. Dkt. No. 11 (Amended Compl.) Therein, plaintiff alleges eight "Counts and Allegations":

> Count I – Breach of Peace in Seizing the Vehicle of Plaintiff (All Defendants)
> Count II – Conversion (All Defendants)
> Count III – Violation of Credit Grantor's Closed End Credit Provision {ALLY BANK, ALLY FINANCIAL INC,}
> Count IV – Violation of Federal Debt Collection Practice Act "FDCPA" {All Defendants}
> Count V – Violation of Federal Trade Commission "FTC" Act {All Defendants}
> Count VI – Trespass to Chattels {All Defendants}
> Count VII – Trespass {All Defendants}
> Count VIII – Assault And Battery {All Defendants}

*Id.* at 6.

On February 3, 2021, defendant Daybreak Metro, Inc. filed a motion to dismiss the amended complaint pursuant to FRCP 12(b)(6) and 12(b)(1). Dkt. No. 13 (Def. Daybreak Metro's Mot. to Dismiss). Defendant argues plaintiff again failed to state a cause of action and still lacked subject matter jurisdiction. Dkt. No. 13 (Def. Daybreak Metro's Mot. to Dismiss). Defendants Ally Bank and Ally Financial, Inc. join in this motion. Dkt. No. 15 (Def. Ally Bank and Ally Financial's Joinder).

## LEGAL STANDARDS

### I. Statement of Claim Upon Which Relief Can be Granted

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable

2

1  inference that the defendant is liable for the misconduct alleged" that amounts to "more than the
2  sheer possibility that the defendant has acted unlawfully." *Id.*  Dismissal for failure to state a claim
3  "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support
4  a cognizable legal theory." *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707
5  F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,
6  1104 (9th Cir. 2008)).

## II. Subject Matter Jurisdiction

Generally, federal courts have jurisdiction in two circumstances: 28 U.S.C. §§ 1331 (Federal Question Jurisdiction) and 1332 (Diversity Jurisdiction).  28 U.S.C. § 1331 confers jurisdiction unto federal courts for civil actions arising under federal law.  28 U.S.C. § 1332 grants federal courts jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000.  The Supreme Court has interpreted "the diversity of citizenship statute [to require] 'complete diversity': where co-citizens appeared on both sides of a dispute, jurisdiction was lost." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967) (citing to *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  Regarding diversity jurisdiction, a corporation is a citizen "where it was organized, and in another state . . . if its principal place of business [is] there." *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972). "The party asserting federal jurisdiction has the burden of establishing it." *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010) (quoting *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002)).

## DISCUSSION

Plaintiff's amended complaint fails to plead with any specificity what precisely happened or any facts underpinning the causes of action.  The amended complaint also fails to establish this Court's subject matter jurisdiction.

### I. Failure to State a Claim

For all eight causes of action, plaintiff fails to plead facts in support of his claims, requiring

the Court to grant defendants' 12(b)(6) motion to dismiss.

### A. Failure to State a Claim in Counts I, IV and V

The amended complaint fails to state a facially plausible claim for "Breach of Peace," FDCP Act and FTC Act violations. Plaintiff fails to allege any particular instance where defendants breached the peace or violated the FCPA or FTC Acts. Instead, plaintiff relies on broad conclusory statements, such as "All defendants as a group have engaged in using obscene, profane, or abusive language, in their contacts with plaintiff, yet using of any, and or, all such languages [sic] is considered a form of harassment and is against the law," and "Defendants have willfully breached the peace of this Plaintiff hitherto, hence they have violated the law." Dkt. No. 11 (Amended Compl.) at 8, 20.

Plaintiff alleges "all defendants" engaged in various behavior, including using profane language, calling at inconvenient times and calling plaintiff while at work; but this general behavior untethered to specific facts is insufficient to state a claim upon which relief can be granted. Dkt. No. 11 (Amended Compl.) at 8-9. Plaintiff's amended complaint fails to detail who contacted him, what specifically was said, when the statements were made, etc. All alleged transgressions are stated as conclusions and lack any factual support. *Id.*

Regarding the FTC Act, plaintiff simply quotes blocks of statutory language and moves onto the next section of his amended complaint without tying defendants' actions to a statutory violation. *See Id.* at 24-25. Without facts pled to support these conclusory allegations, the Court is unable to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court therefore dismisses plaintiff's claims for breach of peace and violating the FDCP and FTC Acts for failure to state a claim upon which relief may be granted, pursuant to FRCP 12(b)(6).

### B. Failure to State a Claim in Counts II, III, VI, VII and VIII

Similarly, plaintiff fails to plead his claims alleging defendants engaged in Conversion, violations of the Credit Grantor's Closed End Credit Provision (a Maryland state law), Trespass to

Chattels, Trespass, Assault or Battery, all of which should be brought under state law. Plaintiff fails to plead facts in support of his conclusory allegations. For example, in support of his battery claim, plaintiff alleges:

> As for the violations of Battery, for this Plaintiff, it the experiences and sufferings as direct results of their diabolically insidious acts , which involves constant intentional and unwanted remote physical contacts, directly and indirectly, implicitly and explicitly, by these defendants and their agents, although to defendants and their agents, who are causing and inflicting these diabolical evils, they may be insidiously pretending that, their intents are not to actually cause harm(s), havocs and sufferings. Plaintiff's claims of "assault and battery" combines and refers to both threats to plaintiff's bodily harm(s), havocs and sufferings, incessantly and hitherto, directly and indirectly by the same defendants and their agents.

Dkt. No. 11 (Amended Compl.) at 29. These allegations, emblematic of the amended complaint, fail to specify what actually happened to plaintiff: what were defendants specific acts? How was plaintiff harmed, let alone battered?

Plaintiff lays out the elements of various claims but fails to allege facts tying defendants' actions to the elements. *Id.* at 17, 25. "[A] formulaic recitation of a cause of action's elements will not" suffice to state a claim upon which relief may be granted. *Twombly,* 550 U.S. at 545. Since plaintiff's claims are no "more than labels and conclusions" containing no factual support, they fail to raise "a right to relief above the speculative level." *Id.*

The Court grants defendants' motion to dismiss and dismisses the entire amended complaint pursuant to FRCP 12(b)(6).

## II. The Amended Complaint Fails to Cure Defects Regarding Subject Matter Jurisdiction

The amended complaint also fails to cure defects regarding subject matter jurisdiction. While plaintiff summarily alleges defendant violated the FDCP Act and FTC Act, he fails to articulate a cognizable legal theory under either federal act. He fails to state any section number under the FDCP Act to form the basis of his claim. Furthermore, as discussed above, plaintiff fails to plead facts in support thereof.

Additionally, enforcement and initial remedial action under the FTC Act belongs only to the Federal Trade Commission and the Act "doesn't create a private right of action" for consumers.

*O'Donnell v. Bank of Am., Nat. Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013); *see also Carlson v. Coca-Cola Co.,* 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission"); *see also Gardner v. Nationstar Mortg. LLC*, 2015 WL 1405539, at *8 (E.D. Cal. Mar. 26, 2015) ("[T]here is no private right of action under the FTC Act."); *Fisher v. Coca-Cola Bottling Co. of Los Angeles*, 1979 WL 1597, *2 (C.D. Cal. Mar. 12, 1979) ( "There is no private right of action under the Federal Trade Commission Act. Initial remedial power lies with the Commission itself." (citing to *Carlson*, 483 F.2d at 280). Thus, plaintiff fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.

The amended complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332, since plaintiff and at least one of the defendants are California residents. *See* Dkt. No. 11 (Amended Compl.) at 15-16 and 38 (showing plaintiff resides in Sunnyvale, California and defendant Primeritus Financial Services resides in El Dorado Hills, California).

Since the party invoking federal court jurisdiction has the burden of establishing jurisdiction, this Court also grants defendant Daybreak Metro's motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

## CONCLUSION

For these reasons stated above, the Court hereby DISMISSES the amended complaint with leave to amend. Plaintiff may file a Second amended complaint addressing the issues of (1) failure to plead the causes of action with requisite specificity – laying out the who, what, when, where, of what plaintiff alleges happened for each claim – and (2) jurisdiction, **on or before April 30, 2021.** If a second amended complaint is not filed by that date, or if these defects are not cured, the action will be dismissed WITH prejudice.

**IT IS SO ORDERED**.

Dated: March 15, 2021

_____
SUSAN ILLSTON
United States District Judge